UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JERRY D. BROWN,

    Plaintiff,

v.

BOROUGH OF HARVEYS LAKE, et al.,

    Defendants.

CIVIL ACTION NO. 3:24-cv-01379

(SAPORITO, J.)

## MEMORANDUM

This is a federal civil rights action, brought by the plaintiff, Jerry D. Brown, against several defendants: the Borough of Harveys Lake; Michael Rush, the Borough's mayor; Charles P. Musial, the Borough's chief of police; Greg Johnson, Jr., a Borough police officer; and Manuel Santayana, a private citizen and principal member of a limited liability company that owned property within the Borough.

The plaintiff's claims arise out of a business dispute between Brown and Santayana. Brown is a contractor, and in February 2021, he entered into an agreement with Santayana and his company, Speed Hound Landing, LLC, to build a home and dock on a parcel Speed Hound owned in Harveys Lake. Dissatisfied with a retaining wall Brown had

constructed, Santayana terminated Brown's services in December 2021 and replaced him with another contractor. Several months later, in April 2022, Santayana filed a police report alleging that Brown had stolen materials from the worksite. After filing that report in April 2022, Santayana began visiting the Borough police station regularly, meeting with the chief of police, Musial, on a weekly basis.

On August 15, 2022, Brown was arrested for felony theft. The arrest warrant was based on an affidavit of probable cause prepared and signed by the chief of police, Musial. Brown alleges that there were several material omissions and fabrications in the affidavit of probable cause Musial had prepared. At bottom, Brown contends that he could not have stolen the materials as charged because those materials did not belong to Santayana, but to Brown. On or about November 30, 2022, the charges against Brown were withdrawn by the county district attorney, and on December 2, 2022, Brown's criminal case was dismissed by the county court of common pleas.

In his five-count second amended complaint, Brown asserts the following claims: (a) in Count I, Brown asserts a Fourth Amendment unreasonable seizure claim against Musial and Johnson; (b) in Count II,

Brown asserts a Fourth Amendment malicious prosecution claim against Musial and Johnson; (c) in Count III, Brown asserts a § 1983 civil rights conspiracy claim against all of the individual defendants; (d) in Count IV, Brown asserts a Fourteenth Amendment procedural due process claim against the Borough only; and (e) in Count V,[1] Brown asserts a Fourteenth Amendment substantive due process claim against the Borough and Musial.

The Harveys Lake Defendants[2] have moved to dismiss Counts III, IV, and V of the second amended complaint for failure to state a claim upon which relief can be granted.[3] Doc. 28. They do not seek dismissal of Counts I or II. The Harveys Lake Defendants' motion is fully briefed and ripe for decision. Doc. 29; Doc. 33; Doc. 34.

---

[1] The second amended complaint contains a clear scrivener's error, labeling this fifth count as a second "Count IV." We will refer to the plaintiff's procedural due process claim as Count IV and his substantive due process claim as Count V herein.

[2] The "Harveys Lake Defendants" are: the Borough; Mayor Rush; Chief Musial; and Officer Johnson.

[3] The Harveys Lake Defendants also seek dismissal of any claims for punitive damages against the Borough. Finding other grounds for dismissal of the plaintiff's claims against the Borough, we do not reach this issue. But we do note that the second amended complaint's prayer for relief clearly states that its request for punitive damages is limited to "the individual Defendants in their individual capacities."

Santayana has similarly moved to dismiss Count III of the second amended complaint—the only count in which he is a named defendant—for failure to state a claim upon which relief can be granted. Doc. 30. Santayana's motion is fully briefed and ripe for decision. Doc. 31; Doc. 35.

## I. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions

and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Phila.*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## II. DISCUSSION

### A. § 1983 Fourteenth Amendment Due Process Claims

In Count IV, the plaintiff asserts a Fourteenth Amendment procedural due process claim against the Borough alone, claiming that his unlawful arrest and malicious prosecution by Borough officials deprived him of his right to be free from unlawful arrest and his right to fair and unbiased legal processes. In particular, he claims that he was subjected to unlawful arrest and malicious prosecution without adequate procedural protections—i.e., due to the fabrication of evidence, withholding of exculpatory evidence, and failure to present key

documents to the district attorney or the magistrate who issued the criminal complaint and arrest warrant against him.

In Count V, the plaintiff asserts a Fourteenth Amendment substantive due process claim against the Borough and Musial, claiming that, in preparing a criminal complaint and affidavit of probable cause against Brown, Musial concealed favorable evidence and fabricated inculpatory evidence in an effort to manufacture probable cause to secure an arrest warrant from a neutral magistrate, which would not have been granted with full candor and full disclosure. The plaintiff contends that this conduct constituted a clear abuse of official power so egregious that it shocks the conscience, and thus violated his substantive due process rights.

But it is well established that "it is the Fourth Amendment, not the Fourteenth Amendment, which is the proper vehicle for addressing any unlawful pretrial deprivations of liberty incidental to criminal proceedings. *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 365 (M.D. Pa. 2013) (citing *Crouse v. S. Lebanon Twp.*, 668 F. Supp. 2d 664, 674 (M.D. Pa. 2009)). This is the "more specific provision" or "explicit source rule," derived from the Supreme Court's decision in *Albright v. Oliver*, 510 U.S.

266 (1994). *See Meketa*, 95 F. Supp. 2d at 365. "This rule has been extended to preclude both procedural and substantive due process claims where the rights underlying the same are derived from and otherwise protected by the Fourth Amendment." *Id.*

Accordingly, the plaintiff's § 1983 Fourteenth Amendment procedural due process claims, set forth in Count IV of the second amended complaint, and his § 1983 Fourteenth Amendment substantive due process claims, set forth in Count V[4] of the second amended complaint, will be dismissed.

### B. § 1983 Civil Rights Conspiracy Claim

In Count III, the plaintiff asserts a § 1983 civil rights conspiracy claim against all of the individual defendants: Rush, Musial, Johnson, and Santayana. In conclusory fashion, the second amended complaint alleges that "the Borough, through the Mayor [Rush] and Chief Musial and in concert and agreement with Mr. Santayana" sought to punish Brown for the "perceived bad acts" of Brown and his girlfriend, who was a Borough code enforcement officer. It further alleges that these defendants "conspired and agreed to deprive [Brown] of his constitutional

---

[4] *See supra* note 1.

rights," and that "Mr. Santayana did conspire with Mayor Rush and Chief Musial for the purpose of depriving . . . [Brown] the equal protection of the laws, or of equal privileges and immunities under the laws." The second amended complaint alleges that Musial commenced the criminal proceedings against Brown in furtherance of this conspiracy.

"A civil conspiracy under § 1983 is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'" *Jones v. Dalton*, 867 F. Supp. 2d 572, 585 (D.N.J. 2012) (quoting *Adams v. Teamsters*, 214 Fed. App'x 167, 172 (3d Cir. 2007)). A § 1983 claim for conspiracy to violate federally-protected rights must be pleaded with particularity. *See Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 281–82 (M.D. Pa. 2015). A plaintiff must plead an actual agreement between the parties. *Watson v. Sec'y Pa. Dep't of Corr.*, 436 Fed. App'x 131, 137 (3d Cir. 2011) (per curiam). "Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." *Rogers v. Mount Union Borough ex rel. Zook*, 816 F. Supp. 308, 314 (M.D. Pa. 1993). "[T]he rule is clear that the

plaintiff must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (internal quotation marks omitted).

"As 'the linchpin for conspiracy is agreement,' concerted action, without more, cannot suffice to state a conspiracy claim." *Watson*, 436 Fed. App'x at 137. "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003).

Here, the second amended complaint simply alleges no facts from which any type of conspiratorial agreement can be inferred. "Stating that the defendants 'conspired' and 'acted in concert' is not equivalent to pleading a conspiracy with sufficient factual matter to state a plausible claim upon which relief can be granted." *Schneller v. Phila. Newspapers Inc.*, 577 F. App'x 139, 143 (3d Cir. 2014) (per curiam); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to

show illegality.").[5]

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state a plausible civil rights conspiracy claim under § 1983, and thus the plaintiff's § 1983 civil rights conspiracy claim, set forth in Count III of the second amended complaint, will be dismissed.

## C. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and

---

[5] The most robust factual allegations in support of this claim are that Santayana was witnessed entering the police station on a weekly basis, where he attempted to pressure Chief Musial to bring charges against Brown, and that Mayor Rush met with Chief Musial on a weekly basis as well, usually on Monday mornings. But the fact that two defendants met or spoke routinely—particularly where they are mayor and police chief of a small municipality—is simply insufficient to support a reasonable inference that their meetings resulted in an actual agreement to violate the constitutional rights of the plaintiff. *See Lankford v. City of Clifton Police Dep't*, 546 F. Supp. 3d 296, 318 (D.N.J. 2021) ("The mere occurrence of several meetings between defendants does not establish a meeting of the minds for purposes of a conspiracy claim.") (brackets and internal quotation marks omitted).

those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). It is not clear, however, that amendment would be futile, nor is there any basis to believe that it would be inequitable. Therefore, the partial dismissal of the complaint will be with leave to amend.

### III. CONCLUSION

For the foregoing reasons, both motions to dismiss will be granted. Counts III, IV, and V of the second amended complaint will be dismissed for failure to state a claim upon which relief can be granted, but the plaintiff will be granted leave to file a third amended complaint within a specified time period. If a third amended complaint is not timely filed, defendants Santayana, Rush, and the Borough will be terminated as parties to this case, and defendants Musial and Johnson will be directed to answer the complaint.

Dated: September 15, 2025

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge